Dear Mr. Fruge:
You have requested an opinion from this office concerning whether parish school board sales and use tax obligations may be collected utilizing enforcement measures afforded the state. Specifically, you inquired as to the propriety of holding officers and directors personally liable for outstanding sales taxes owed by a corporation. Additionally, you were concerned with the language of the Lafayette Parish School Board's tax ordinance and whether our earlier opinion (Op. Atty. Gen. 87-746) was correct in its interpretation of R.S. 47:1561.1.
R.S. 47:1561.1A contains an alternative enforcement mechanism for the state. It provides in pertinent part the following:
 ". . . if any corporation fails to file returns or to remit the sales and use taxes collected from purchasers or consumers under Chapters 2, 2-A, and 2-B of Subtitle II of this Title, the secretary is authorized, as an alternative means of enforcing collection, to hold those officers or directors having direct control or supervision of such taxes or charged with the responsibility of filing such returns and remitting such taxes and who willfully fail to remit or account for such taxes withheld or collected, personally liable for the total amount of such taxes withheld or collected, and not accounted for or not remitted, together with any interest, penalties, and fees accruing thereon."
The earlier opinion correctly interpreted this provision as only applicable to the state. However, a political subdivision appears to have at least two alternatives available for its enforcement and collection purposes which may extend corporate tax liability to officers and directors.
First, the local governing authority may contract with the state to collect and enforce tax obligations. R.S. 47:1515 provides the following:
 "A. The secretary of the Department of Revenue and Taxation is hereby authorized to contract with the governing authority of any political subdivision, at the request of the subdivision, to collect and enforce the collection of any sales and use tax, and related penalty, interest, or other charge, levied by the political subdivision. In order to collect and enforce any such tax, the secretary is vested with all the power and authority conferred by this Title."
When read with R.S. 47:1561.1, it is apparent that such a contract would subject officers and directors to personal liability.
Second, in the absence of such a contract, a local governing authority may rely on R.S. 33:2841 for enforcement purposes. It states:
 "A political corporation may through the officer whose duty it is to receive and collect the taxes and moneys due the corporation, enforce the collection of any taxes due to it, within the time and in the manner provided for the collection of taxes due to the state."
The phrase "in the manner provided for the collection of taxes due to the state" should again be read with R.S. 47:1561.1, thus granting a local governing authority the power to utilize similar enforcement measures.
The Lafayette Parish School Board's authority is contained in R.S.33:2737.2. It provides in pertinent part the following:
 "In the event the tax is so voted, the board shall have complete authority to levy and collect the tax within the parish of Lafayette and to provide for all procedural details necessary in the imposition, collection and enforcement thereof."
 It is the opinion of this office that R.S. 33:2841 enables the Lafayette Parish School Board to extend corporate tax liability to reach the officers and directors personally. Likewise, without a contract with the state pursuant to R.S. 47:1515, the Calcasieu Parish authority should be able to rely on R.S. 33:2841. Therefore, Opinion 87-746 should no longer be followed.
All of the above is now subject to Act 1072 which authorized a constitutional amendment to Article VII Section 3 of the Louisiana Constitution of 1974, and provided for a "Single Tax Collector" for all political subdivisions in a parish.
I trust this answers your inquiry. Please do not hesitate to contact me if I can be of further assistance.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
JMR/vls-0532l